**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Medtronic, Inc. and Medtronic USA, Inc.,

      Plaintiffs,

            Civ. No. 07-4947 (RHK/AJB)
            **MEMORANDUM OPINION**
            **AND ORDER**

v.

Endologix, Inc., Albert Rotondo, and Brooke
L. Keeler,

      Defendants.

---

Mary R. Vasaly, William Z. Pentelovitch, Wayne S. Moskowitz, Maslon Edelman Borman & Brand, Minneapolis, Minnesota, for Plaintiffs.

Kathy S. Kimmel, Jeffrey J. Bouslog, Marie L. van Uitert, Oppenheimer Wolff & Donnelly LLP, Minneapolis, Minnesota, for Defendants.

---

   The Plaintiffs in this action, Medtronic, Inc. and Medtronic USA, Inc. (collectively, "Medtronic"), have sued two of their former employees, Albert Rotondo and Brooke Keeler, and those individuals' new employer, Endologix, Inc. ("Endologix"). Medtronic alleges that Rotondo and Keeler have violated employment agreements they signed with Medtronic by soliciting their former Medtronic clients on behalf of Endologix. Medtronic also alleges that Endologix tortiously interfered with the employment agreements by causing Rotondo and Keeler to breach the agreements.

   Medtronic initially commenced this action in Minnesota state court and, while the case was pending there, it moved for a temporary restraining order. Before the state court

could rule on that motion, however, Endologix removed the action to this Court.  When doing so, it filed consents to removal by Rotondo and Keeler.  (See Doc. Nos. 1-2.)

Presently before the Court is Medtronic's Motion to Remand (Doc. No. 4). Medtronic argues that this action must be remanded to state court due to forum-selection clauses in Rotondo's and Keeler's employment agreements.  Each of those agreements provides, in pertinent part, that "[a]ny dispute arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court in the State of Minnesota.  Employee irrevocably waives [his or her] right, if any, to have any disputes between [him or her] and MEDTRONIC arising out of or related to [his or her] employment or this Agreement decided in any jurisdiction or venue other than a state court in the State of Minnesota."  (Compl. Exs. B, D.)  According to Medtronic, these forum-selection clauses are binding on Endologix and, hence, they defeat Endologix's ability to remove this action on its own accord. (Pl. Mem. at 13.)  Medtronic also argues that even if the forum-selection clauses are not binding on Endologix, at a minimum they are valid waivers of the right to remove by Rotondo and Keeler.  Thus, Medtronic argues, Rotondo and Keeler could not consent to Endologix's removal, and without those consents the case was not removable, since removal is ineffective in the absence of consent by all of the defendants to an action.  (Id. at 13-16.)  Medtronic also seeks an award of attorney's fees in connection with its Motion.  (Id. at 16-17.)

In response, Endologix argues that it is not bound by the forum-selection clauses in the employment agreements.  (Mem. in Opp'n at 5-15.)  It further argues that although the

forum-selection clauses were valid waivers of Rotondo's and Keeler's right to remove, those individuals nevertheless retained the right to consent to Endologix's removal. (Id. at 16-23.) Finally, Endologix argues that an award of fees is unwarranted because it had an objectively reasonable basis to remove this action. (Id. at 23-26.)

The Court agrees with each of Medtronic's arguments concerning remand and rejects the Defendants' arguments. Accordingly, it concludes that this matter must be remanded to state court.[1]

First, the Court agrees with Medtronic that Endologix is bound by the forum-selection clauses in the employment agreements. Although Endologix did not sign those agreements, a third party may be bound by a forum-selection clause where it is "closely related to the dispute such that it becomes foreseeable that it will be bound." Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001). There can be little doubt that Endologix is "closely related" to the dispute between Medtronic and Rotondo and Keeler. Indeed, it was Endologix's employment of Rotondo and Keeler – while it was fully aware of the employment agreements and, hence, the forum-selection clauses – and Rotondo's and Keeler's subsequent solicitation of Medtronic clients on behalf of Endologix that gave rise to this action; this caused not only Rotondo and Keeler

---

[1] Although no party has discussed the issue, the Court recognizes that it has the inherent power to remand this matter to state court in order to give effect to the forum-selection clauses, even if subject-matter jurisdiction exists and there has been no "defect" in removal under 28 U.S.C. § 1447(c). See, e.g., Snapper, Inc. v. Redan, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999); Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1214-16 (3rd Cir. 1991); RK Dixon Co. v. Dealer Mktg. Servs., Inc., 284 F. Supp. 2d 1204, 1208-09 (S.D. Iowa 2003).

to be sued, but also caused Endologix to be sued in the same case. Moreover, all of the Defendants clearly share a common interest in this action: the right of Rotondo and Keeler to solicit their former Medtronic customers on behalf of their new employer, Endologix. See ELA Med., Inc. v. Arrhythmia Mgmt. Assocs., Inc., Civ. No. 06-3580, 2007 WL 892517, at *6 (D. Minn. Mar. 21, 2007) (noting common interest among parties as key factor in whether they are "closely related" for purposes of binding non-party to forum-selection clause); Employers Ins. Co. of Wausau v. Equitas Holdings Ltd., 451 F. Supp. 2d 1012, 1024 (E.D. Wis. 2006) (same). Indeed, were Endologix's interests not so closely aligned with Rotondo's and Keeler's interests, they could not be represented by the same counsel in this action.

      The Defendants argue that the "closely-related-party" doctrine applies only where a non-signatory to a contract "voluntarily took affirmative steps to join with the signatories to commence litigation challenging the contract." (Mem. in Opp'n at 6-13.) The Court does not agree. It is true that the majority of cases binding a third party to a forum-selection clause under the closely-related-party doctrine involved third parties *suing* as plaintiffs, rather than those *being sued* as defendants. But see ELA Med., 2007 WL 892517, at *6-7. But the Court does not believe that the closely-related-party doctrine is limited to third-party plaintiffs. Indeed, when deciding whether the doctrine applies, a court must answer only the following question: should the third party reasonably foresee being bound by the forum-selection clause because of its relationships to the cause of action and the signatory to the forum-selection clause? See Marano, 254 F.3d at 757. The Court

perceives no reason why a third party sued as a defendant, as opposed to one voluntarily joining an action as a plaintiff, cannot reasonably foresee that it might be bound by a forum-selection clause agreed to by one or more of its co-defendants. Moreover, accepting the Defendants' argument would mean that the application of the closely-related-party doctrine would turn on timing: if the third party joined the signatory in brining a preemptive declaratory-judgment action, then the doctrine would apply, but if the third party and the signatory lost the race to the courthouse and were sued first, then the doctrine would not apply. This is a nonsensical result that does not comport with the purpose behind the doctrine.

Second, the Court agrees with Medtronic that even if the forum-selection clauses are not binding on Endologix – and, hence, do not prevent it from removing – those clauses nevertheless vitiate Rotondo's and Keeler's ability to consent to Endologix's removal. And, in the absence of effective consent by Rotondo and Keeler, the unanimity rule is violated and the case must be remanded.[2]

Endologix argues that although Rotondo and Keeler waived their right to *remove*, they did not waive their right to *consent to Endologix's removal*. In support of their argument, they rely on Marano, a case addressing a completely different issue than that confronting the Court here. The issue in Marano was when the 30-day clock for removal under Section 1446 of Title 28 begins to run when there are multiple defendants served at

---

[2] The parties do not dispute that removal requires the consent of all of the defendants to a lawsuit (Pl. Mem. at 13; Mem. in Opp'n at 15). See also Marano, 254 F.3d at 755 n.2.

different times.  Prior to <u>Marano</u>, some courts had held that the 30-day clock begins to run as soon as the first defendant is served, which meant that if a second defendant were served more than 30 days after the first defendant, it could not remove because the 30-day clock would have already expired.  The Eighth Circuit held that this was an inequitable result that undermined the later-served defendant's statutory right to effect removal.  Accordingly, the Eighth Circuit held that even when a first-served defendant does not effect removal within 30 days, and hence waives its right to removal, a later-served defendant can nevertheless remove within 30 days of being served, as long as all of the defendants to the action consent to that removal.  <u>See</u> 254 F.3d at 756-57 & n.6.

     Endologix argues that, in reaching its decision in <u>Marano</u>, the Eighth Circuit necessarily distinguished between a defendant waiving the right to removal and waiving the right to consent to a co-defendant's removal.  A first-served defendant can waive its right to removal by not removing a case within 30 days of being served, but it nevertheless retains the right to consent to a later-served defendant's notice of removal.  Endologix attempts to draw the same distinction here, arguing that all Rotondo and Keeler have waived is the right to remove, and not their right to consent to Endologix's removal, a completely separate issue.

     The problem with Endologix's argument is that the forum-selection clauses are broad enough to have waived both the right to remove and the right to consent to Endologix's removal.  Indeed, the clear intent behind the forum-selection clauses is that matters arising out of the employment agreements are to be litigated only in a Minnesota

state court.  By consenting to Endologix's removal, Rotondo and Keeler have certainly violated the *spirit* of the forum-selection clauses.

Yet, Rotondo and Keeler have also violated the *letter* of the forum-selection clauses.  Just as the "intent to establish a waiver of the right to *removal* may be inferred from the language of a forum selection clause," <u>RK Dixon Co. v. Dealer Mktg. Servs., Inc.</u>, 284 F. Supp. 2d 1204, 1208-09 (S.D. Iowa 2003) (emphasis added), so, too, can the language of a forum-selection clause establish a waiver of the right to *consent* to some other defendant's removal.  In the Court's view, that is precisely what has occurred here.

Rotondo and Keeler agreed in the forum-selection clauses that any disputes concerning the employment agreements "shall be exclusively *decided* by a state court in the State of Minnesota."  (Compl. Ex. B § 7.3 (emphasis added).)  The only reasonable interpretation of this provision is that it waived Rotondo's and Keeler's right to consent to removal by Endologix.  Were that not the case, and Rotondo and Keeler retained the right to consent to removal by another party, a state court could not *decide* a dispute concerning the agreements.  Stated differently, the only way for a state court to actually decide – that is, render a decision – in a dispute arising out of the agreements is for Rotondo and Keeler to remain in state court once they have been sued there; they cannot consent to some other party removing the case, or else the state court will not be afforded the opportunity to render a decision.  Because the forum-selection clauses waived not only Rotondo's and Keeler's right to remove, but also their right to consent to Endologix's removal, the rule of unanimity cannot be satisfied here.

The Court's conclusion is bolstered by language found elsewhere in the employment agreements.  In addition to consenting to the exclusive jurisdiction of Minnesota state courts for disputes arising out of the agreements, Rotondo and Keeler also agreed not to "assist, aid, abet, encourage, be a party to, or participate in the commencement or prosecution of any lawsuit or action by any third party arising out of or related to [the employment agreements] in any jurisdiction or venue other than a state court in the State of Minnesota."  (Id. § 7.4.)  In the Court's view, Rotondo and Keeler have "participated" in the "prosecution" of this action in a court other than a Minnesota state court by consenting to Endologix's removal.[3]

For all of these reasons, the Court concludes that this matter must be remanded to state court.  All that remains to be addressed, therefore, is Medtronic's request for attorney's fees.  That request will be denied.  Attorney's fees should be awarded only when the removing party had no objectively reasonable basis for removal.  Martin v. Franklin Capital Corp., 546 U.S. 132 (2005).  Although the Court has concluded that remand is appropriate, based on the arguments discussed above the Court does not believe that

---

[3] The Defendants argue that this clause bars Rotondo and Keeler only from "helping someone [to] start an action or commence a lawsuit." (Mem. in Opp'n at 23.)  The term "prosecution," however, clearly means something more than starting or commencing an action. See Black's Law Dictionary 1221 (noting that prosecution means "every step in [an] action, from its commencement to its final determination") (citing United States v. The Brazil, 134 F.2d 929, 930 (7th Cir. 1943)). Indeed, were that not the case, then the word "prosecution" would be duplicative of the word "commencement" in the agreements and, hence, would be mere surplusage. Interpreting the agreements in that fashion, therefore, would violate the fundamental tenet of contract law that all of a contract's terms should be given meaning. See Fortune Funding, LLC v. Ceridian Corp., 368 F.3d 985, 989 (8th Cir. 2004).

Endologix's removal of this case (or Rotondo's and Keeler's consents thereto) was objectively unreasonable. Accordingly, an award of fees is unwarranted.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Medtronic's Motion to Remand (Doc. No. 4) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. This matter is **REMANDED** to the Hennepin County District Court. The Clerk of the Court shall mail to the Clerk of the Hennepin County District Court a certified copy of this Order; and

2. Medtronic's request for attorney's fees is **DENIED**.

Dated: January  7 , 2008                               s/Richard H. Kyle
                                                      RICHARD H. KYLE
                                                      United States District Judge